NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 5 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRUCE F. BICKOFF,

        Plaintiff-Appellant,

 v.

WELLS FARGO BANK, N.A.,

        Defendant-Appellee,

 and

REMY BICKOFF,

        Defendant.

No.   16-55965

D.C. No.
3:14-cv-01065-BEN-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted November 13, 2017
Pasadena, California

Before:  NGUYEN and HURWITZ, Circuit Judges, and EATON,[**] Judge.

Bruce Bickoff appeals the district court's grant of summary judgment in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     Richard K. Eaton, Judge of the United States Court of International Trade, sitting by designation.

favor of Wells Fargo Bank. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. Bickoff argues that he was entitled to an adverse inference at summary judgment that his Construction Loan Agreement ("CLA") with Wells Fargo Bank contained a guarantee of permanent financing, because Wells Fargo was unable to produce a signed copy of the CLA. We review the district court's decision not to attach an adverse inference at summary judgment for abuse of discretion. *See Med. Lab. Mgmt. Consultants v. Am. Broad. Cos., Inc.*, 306 F.3d 806, 824 (9th Cir. 2002).

An adverse inference based on spoliation of evidence may be warranted when relevant evidence is intentionally destroyed after a duty to preserve it has arisen. *See Ritchie v. United States*, 451 F.3d 1019, 1024–25 (9th Cir. 2006). The record shows that the CLA could have been lost anytime between November 2007 and August 2011, and Bickoff admits the earliest Wells Fargo could have been on notice of potential litigation was April 2010. Thus, Bickoff did not demonstrate that the CLA was lost after Wells Fargo had a duty to preserve it. *See Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 981–82 (9th Cir. 2009). Nor was there any basis in the record for the district court to find the CLA was intentionally destroyed rather than inadvertently lost. *See Med. Lab. Mgmt. Consultants*, 306 F.3d at 824. Therefore, the district court did not abuse its discretion in declining to

attach an adverse inference as to the contents of the CLA.

2.  Bickoff argues that the district court erred in considering the exemplar CLA produced by Wells Fargo. We review the district court's summary judgment evidentiary rulings for abuse of discretion. *Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 605 (9th Cir. 2002). "[O]ther evidence of the content of a writing . . . is admissible if[ ] all the originals are lost or destroyed, and not by the proponent acting in bad faith[.]" Fed. R. Evid. 1004(a). The district court therefore did not abuse its discretion in considering the exemplar.

3.  Bickoff argues that the district court erred by granting summary judgment on his contract claims. We review summary judgment decisions de novo. *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 992 (9th Cir. 2001). The contract claims are premised on Bickoff's contention that Wells Fargo guaranteed him permanent financing and then failed to provide it. The parties agree that the relevant contract consists of the CLA, the deed, and the note.

Viewing the evidence in the light most favorable to Bickoff, there was no evidence that Bickoff and Wells Fargo's contract had a guaranteed permanent financing term. Neither the note, nor the deed, nor the exemplar CLA promise permanent financing. While other documents in the record show that the purpose of the loan program was for the CLA to be modified into a permanent loan, they do not show that Wells Fargo *guaranteed* permanent financing—in fact, they set forth

3

limitations and conditions that demonstrate the opposite. Bickoff offered only equivocal and speculative statements in his declarations about the alleged guarantee, stating that the CLA had terms "regarding" permanent financing, and that he "would not have signed a contract that did not guarantee" permanent financing. Without some evidence that the CLA guaranteed permanent financing, the district court properly granted summary judgment on the contract claims.

4. Bickoff argues that the district court erred by granting summary judgment on his misrepresentation claims. These claims are premised on Bickoff's contention that Ostrom and other Wells Fargo employees never advised him he needed to requalify for permanent financing and made representations to him that led him to believe the permanent loan was guaranteed.

Bickoff has not demonstrated that Wells Fargo employees had an affirmative duty to disclose the requalification requirement verbally (in addition to the written materials he received). *See Ragland v. U.S. Bank Nat'l Ass'n*, 147 Cal. Rptr. 3d 41, 62 (Ct. App. 2012). And, Bickoff testified that no one at Wells Fargo deliberately made false or fraudulent representations to him. Because the misrepresentation claims require a showing that Wells Fargo employees either knew their statements were false or made them without any reasonable ground for believing them to be true, summary judgment was proper. *See Lazar v. Superior Court*, 909 P.2d 981, 983–84 (Cal. 1996); *Wells Fargo Bank, N.A. v. FSI, Fin.*

4

*Sols., Inc.*, 127 Cal. Rptr. 3d 589, 600 (Ct. App. 2011).

5. The district court found summary judgment proper on other grounds, including Bickoff's material breach of the contract, failure to show non-speculative damages, and failure to mitigate damages. Bickoff did not address these alternative holdings in his opening brief, thereby forfeiting any challenge to these alternative grounds. *See Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 n.32 (9th Cir. 2002).

**AFFIRMED.**